UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE SCHEINDLIN

---------------------------------------X

LANA WEINGARTEN and MUNEERAH CRAWFORD,

        Plaintiffs,

    - against -

OPTIMA COMMUNICATIONS SYSTEMS, INC.,

        Defendant.

07 CV 964

COMPLAINT

PLAINTIFFS DEMAND
TRIAL BY JURY IN
THIS ACTION

---------------------------------------X

Plaintiffs Lana Weingarten ("Weingarten") and Muneerah Crawford ("Crawford"), by their attorneys, Schwartz, Lichten & Bright, P.C., complain of defendant Optima Communications Systems, Inc. ("Optima"), as follows:

RECEIVED

FEB 09 2007

U.S.D.C. S.D. N.Y.
CASHIERS

### JURISDICTION AND VENUE

1.   This is an action brought to remedy discrimination in employment on the basis of sex and national origin, in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); the New York State Human Rights Law, Executive Law § 290 et seq. ("Human Rights Law"); and the Administrative Code of the City of New York, § 8-101 et seq. ("Administrative Code"); to remedy discrimination in employment on the basis of ancestry, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"); to remedy retaliation for activity protected under those laws, in violation of Title VII, Section 1981, the Human Rights Law, and the Administrative Code; and to remedy failure to pay compensation owed, in violation of N.Y. Labor Law § 198.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), and 1367, and 42 U.S.C. § 2000e-5(f)(3).

3. Declaratory and injunctive relief, damages, and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. § 2000e-5(f), (g)(1), and (g)(2)(B)(i). Compensatory damages are sought pursuant to 42 U.S.C. §§ 1981 and 1981a; Executive Law § 297(9); and Administrative Code, § 8-502(a). Punitive damages are sought pursuant to 42 U.S.C. §§ 1981 and 1981a and Administrative Code, § 8-502(a).

4. Costs and attorney's fees are sought pursuant to 42 U.S.C. §§ 1988 and 2000e-5(g)(2)(B)(i) and (k); and Administrative Code, § 8-502(f).

5. Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. § 1391(b), because the unlawful employment practices occurred within this judicial district.

6. Plaintiffs filed charges of discrimination against defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") on August 10 and 14, 2006. The EEOC, on December 27, 2006, issued plaintiffs notices informing them of their right to sue defendant. Plaintiffs have fully complied with all prerequisites to jurisdiction in this Court under Title VII.

<u>PARTIES</u>

7. Weingarten was employed by defendant as Accounts Payable/Accounts Receivable and Collections Supervisor until her discharge on April 3, 2006.

8. Crawford was employed by defendant as a sales representative until her constructive discharge on April 3, 2006. She is a Moroccan native of Arab ancestry.

9. Defendant is a telecommunications systems provider. Defendant's principal place of business is in the State of New York.

### FACTS

10. Throughout plaintiffs' employment by Optima, their work performance was exemplary. From almost the day they arrived at the company, however, they were forced to endure a nonstop barrage of sexist and obscene abuse from sales supervisor Sean Mulqueen ("Mulqueen"). For example, Mulqueen commented on female employees or customers by remarking, "She's got great tits," or "Look at that ass."

11. Mulqueen also asked plaintiffs inappropriate sexual questions, and routinely disseminated pornography on the office computer network.

12. Mulqueen, in addition, constantly made racist remarks concerning Crawford's Arab ancestry.

13. Plaintiffs complained to management on several occasions about the hostile work environment. In response, Optima changed plaintiffs' work locations.

14. Soon thereafter, Optima discharged Weingarten, and stopped paying Crawford, compelling her resignation.

15.   Optima refused to pay Weingarten all of the wages and commissions owed to her.

### FIRST CAUSE OF ACTION

16.   Defendant subjected plaintiffs to a hostile work environment because of their sex, and subjected Crawford to a hostile work environment because of her national origin and ancestry. By its acts and practices described above, defendant has violated Title VII and Section 1981.

17.   As a result of defendant's discriminatory acts, plaintiffs have suffered and will continue to suffer injury unless and until this Court grants relief.  Defendant engaged in these discriminatory practices with malice and with reckless indifference to plaintiffs' rights protected under federal law.

### SECOND CAUSE OF ACTION

18.   Defendant subjected plaintiffs to a hostile work environment because of their sex, and subjected Crawford to a hostile work environment because of her national origin, in violation of the Human Rights Law.

19.   As a result of defendant's discriminatory acts, plaintiffs have suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief.   Defendant willfully and maliciously engaged in these discriminatory practices.

4

### THIRD CAUSE OF ACTION

20.    Defendant subjected plaintiffs to a hostile work environment because of their sex, and subjected Crawford to a hostile work environment because of her national origin, in violation of the Administrative Code.

21.    As a result of defendant's discriminatory acts, plaintiffs have suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief. Defendant willfully and maliciously engaged in these discriminatory practices.

### FOURTH CAUSE OF ACTION

22.    Defendant discharged Weingarten and constructively discharged Crawford because of their opposition to acts prohibited by Title VII and Section 1981. By its acts and practices described above, defendant has violated Title VII and Section 1981.

23.    As a result of defendant's retaliatory acts, plaintiffs have suffered and will continue to suffer injury unless and until this Court grants relief. Defendant engaged in these retaliatory practices with malice and with reckless indifference to plaintiffs' rights protected under federal law.

### FIFTH CAUSE OF ACTION

24.    Defendant discharged Weingarten and constructively discharged Crawford because of their opposition to acts prohibited

5

under the Human Rights Law.  By its acts and practices described above, defendant has violated the Human Rights Law.

25.  As a result of defendant's retaliatory acts, plaintiffs have suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief.  Defendant willfully and maliciously engaged in these retaliatory practices.

## SIXTH CAUSE OF ACTION

26.  Defendant discharged Weingarten and constructively discharged Crawford because of their opposition to acts prohibited under the Administrative Code.  By its acts and practices described above, defendant has violated the Administrative Code.

27.  As a result of defendant's retaliatory acts, plaintiffs have suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief.  Defendant willfully and maliciously engaged in these retaliatory practices.

## SEVENTH CAUSE OF ACTION

28.  Pursuant to New York Labor Law § 198, defendant is liable to Weingarten in the amount of compensation she was entitled to receive but was not paid, plus liquidated damages equal to twenty-five percent of the total amount of the compensation found to be due.

WHEREFORE, plaintiffs respectfully request that this Court enter a judgment:

## ON THE FIRST AND FOURTH CAUSES OF ACTION

(a)   declaring that the acts and practices complained of herein are in violation of Title VII and Section 1981;

(b)  enjoining and permanently restraining these violations of Title VII and Section 1981;

(c)  directing defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect plaintiffs' employment opportunities;

(d)  directing defendant to place plaintiffs in the position she would have continued to occupy but for defendant's discriminatory and retaliatory treatment of them, and make them whole for all earnings they would have received but for defendant's discriminatory and retaliatory treatment, including but not limited to wages, bonuses, pensions, and other lost benefits;

(e)  directing defendant to pay plaintiffs compensatory and punitive damages and damages for their mental anguish and humiliation;

(f)  awarding plaintiffs reasonable attorney's fees and the costs of this action;

(g)  granting such other and further relief as this Court deems just and proper;

7

## ON THE SECOND AND FIFTH CAUSES OF ACTION

(h)   awarding compensatory damages in an amount not yet ascertained;

## ON THE THIRD AND SIXTH CAUSES OF ACTION

(i)   awarding compensatory and punitive damages in an amount not yet ascertained;

(j)   awarding plaintiffs reasonable attorney's fees and costs of this action;

## ON THE SEVENTH CAUSE OF ACTION

(k)   awarding Weingarten all unpaid wages due and owing;

(l)   awarding Weingarten liquidated damages; and

(m)   awarding Weingarten reasonable attorney's fees, costs, and prejudgment interest.

8

DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury on all of the causes of action herein.


Dated:   New York, New York
         February 9, 2007

                                   Stuart Lichten (SL-1258)
                                   SCHWARTZ, LICHTEN & BRIGHT, P.C.
                                   Attorneys for Plaintiffs
                                   113 University Place - 11th Fl.
                                   New York, New York  10003
                                   (212) 228-6320