UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
LANA WEINGARTEN,                    :
                                    :         MEMORANDUM
                     Plaintiff,     :         OPINION AND ORDER
                                    :
         - against -                :         07 Civ. 964 (SAS)
                                    :
OPTIMA COMMUNICATIONS               :
SYSTEMS, INC.,                      :
                                    :
                     Defendant.     :
------------------------------------X

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.  INTRODUCTION

Plaintiff Lana Weingarten brought the above-captioned action against her former employer, defendant Optima Communications Systems, Inc. ("Optima") for hostile work environment sexual harassment in violation of Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law. On December 18 and 19, 2007, the case was tried before a jury, which rendered a verdict in favor of plaintiff in the amount of five thousand dollars in compensatory damages and fifty thousand dollars in punitive damages.

By motion dated January 18, 2008, defendant moved for judgment as a matter of law under Rule 50(b) of the Federal Rules of Civil Procedure on the ground that the evidence presented at trial does not support the jury's findings that

defendant discriminated against her in the form of hostile work environment sexual harassment, and that defendant's acts and omissions were done maliciously or wantonly. For the following reasons, defendant's motion is denied as untimely.

## II.  APPLICABLE LAW

### A.  Timeliness of Rule 50(b) Motion

Rule 50 permits a court to override a jury's verdict and enter judgment against a party where "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue . . . ."[1] Under subdivision (a) of Rule 50, a motion for judgment as a matter of law "may be made at any time before the case is submitted to the jury."[2] Subdivision (b) provides that

> If the court does not grant a motion for judgment as a matter of law made under subdivision (a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after the entry of judgment . . . .[3]

Under Rule 6(b), the ten day time limitation set forth in Rule 50(b) is jurisdictional "so that the failure to make a timely motion divests the district court

---

[1]  Fed. R. Civ. P. 50(a).

[2]  *Id.*

[3]  Fed. R. Civ. P. 50(b).

2

of power to modify the trial verdict."[4] Rule 6(b) "states that a court 'may not extend the time for taking any action under Rule [] 50(b) . . . except to the extent and under the conditions stated in [it],' and Rule 50(b) has no provision for enlargement."[5] As a result, "a request for an extension of time to file a motion seeking [judgment as a matter of law under Rule 50(b)] . . . is ineffective even if it is received without objection and granted by the court."[6] Indeed, even where a Rule 50(b) motion is served on an adversary within the ten-day limit but is filed outside of the limit due to a party's compliance with a district court judge's individual rules, that motion will still be considered untimely.[7]

---

[4] *Rodick v. City of Schenectady*, 1 F.3d 1341, 1346 (2d Cir. 1993) (citing *Lapiczak v. Zaist*, 451 F.2d 79, 80 (2d Cir. 1971)).

[5] *Meriwether v. Coughlin*, 879 F.2d 1037, 1041 (2d Cir. 1989) (quoting Fed. R. Civ. P. 6(b)). *Accord Rodick*, 1 F.3d at 1346 ("Rule 6(b) also denies to district courts the power to enlarge the ten-day limit under [] [R]ule [50(b)].") (citations omitted).

[6] *Meriwether*, 879 F.2d at 1041. *Accord Rodick*, 1 F.3d at 1347 (rejecting defendants' argument that they were excused from complying with the ten-day time limit where they had relied on the district court's extension of the period within which to make post-trial motions, and stating that because the time limits are jurisdictional, "excuses are therefore unavailing") (citing *Lapiczak*, 451 F.2d at 80).

[7] *See Fruit of the Loom, Inc. v. American Mktg. Enters., Inc.*, 192 F.3d 73, 75-77 (2d Cir. 1999) ("[A] judge's [individual] rule providing that motions be filed only after they are fully briefed [] does not alter or suspend the specific filing deadline of Rule 50(b) or any other jurisdictional motion.").

The Second Circuit has held, however, that a Rule 50(b) motion may still be considered timely, even if a party fails to file a written motion within ten days after the entry of judgment, where an oral motion was made within those ten days.[8] The pivotal question, then, is whether the party seeking to set aside the verdict made an oral motion following the jury's verdict, or whether it simply made a request for an extension of time to file a motion, referring to the motion prospectively rather than presently.[9] Where counsel "indicates an intention on counsel's part to make the motion at some future date to be set by the [d]istrict [c]ourt," the Second Circuit has held that such a motion is "prospective in nature"

---

[8] *See Meriwether*, 879 F.2d at 1041-42. *See also Thomas v. Medco*, No. 95 Civ. 8401, 2000 WL 297186, at *3 (S.D.N.Y. Mar. 22, 2000) ("[I]t follows that if the losing party makes an oral motion after the verdict, the application is timely even if the court permits the parties to supplement their presentation with written submissions at a date more than ten days after entry of judgment, at least if those submissions reflect elaborations of the arguments orally made and do not involve entirely new theories for relief.") (citations omitted).

[9] *Compare Meriwether*, 879 F.2d at 1041 (agreeing with the district court that counsel's language, immediately following the jury's verdict, that "I would, your Honor, like at this time note that defendants wish to move for a judgment notwithstanding the verdict" constituted a motion and was therefore timely under Rule 50(b)) *with Rodick*, 1 F.3d at 1344, 1347 (finding that "[c]ounsel's language in making the motion, and the district court's language in granting it, clearly indicate that they regarded the request as (an impermissible) one for an extension of time to make the motion" where counsel stated, inter alia, "I would move at this point to move the 10 day period somewhat so that we can have some additional time to make that motion . . . .").

and will not be regarded as a timely oral motion.[10]

In certain limited circumstances, "[f]ailure to comply with Rule 50(b) may be excused"[11] but only when the district court had indicated that the party's earlier Rule 50(a) motion during trial "need not be renewed"[12] *and* "the party opposing the motion could not reasonably have thought 'that the movant's initial view of the insufficiency of the evidence had been overcome and there was no need to produce anything more in order to avoid the risk of [such] judgment.'"[13]

**B.      Standard Governing Rule 50(b) Judgment as a Matter of Law**

The standard governing motions for judgment as a matter of law

---

[10]    *Weissman v. Dawn Joy Fashions, Inc.*, 214 F.3d 224, 231 (2d Cir. 2000) (holding that the district court lacked jurisdiction to modify the trial verdict on the ground that defendant's Rule 50(b) motion was untimely where, immediately after the verdict, defense counsel stated, inter alia, that "[o]bviously the defendant is going to want to make various post-trial motions").

[11]    *Pahuta v. Massey-Ferguson, Inc.*, 170 F.3d 125, 129 (2d Cir. 1999).

[12]    *Id.*

[13]    *Id.* (quoting *Best Brands Beverage, Inc. v. Falstaff Brewing Corp.*, 842 F.2d 578, 587 (2d Cir. 1987) (quotation marks omitted)). *See Best Brands Beverage*, 842 F.2d at 587 ("The point is that a party opposing a motion for judgment n.o.v. suffers no prejudice from its adversary's failure to renew a motion for a directed verdict at the close of the evidence where the party could *not* reasonably have thought, based on its adversary's defense case, that the adversary no longer thought there was an insufficiency of evidence.") (emphasis in original).

5

under Rule 50(b) is "well established."[14] "Judgment as a matter of law may not properly be granted under Rule 50 unless the evidence, viewed in the light most favorable to the opposing party, is insufficient to permit a reasonable juror to find in her favor."[15] "In deciding such a motion, the court must give deference to all credibility determinations and reasonable inferences of the jury, and it may not itself weigh the credibility of witnesses or consider the weight of the evidence."[16] Thus, judgment as a matter of law should be denied unless:

> (1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or
> (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded [persons] could not arrive at a verdict against [it].[17]

## III. DISCUSSION

### A. Timeliness of Defendant's Rule 50(b) Motion

Under Rule 50(b), defendant's motion for judgment as a matter of law must have been made within ten days of the entry of judgment. Here, the

---

[14] *Galdieri-Ambrosini v. National Realty & Dev. Corp.*, 136 F.3d 276, 289 (2d Cir. 1998).

[15] *Id.* (citing *Sir Speedy, Inc. v. L& P Graphics, Inc.*, 957 F.2d 1033, 1039 (2d Cir. 1992); *Vasbinder v. Ambach*, 926 F.2d 1333, 1339 (2d Cir. 1991)).

[16] *Id.* (citing *Vasbinder*, 926 F.2d at 1339, 1340).

[17] *Id.*

judgment, dated December 26, 2007, was entered on December 27, 2007. Rule 6(a) dictates that the date on which judgment was entered is excluded from the ten-day computation, as well as intermediate weekend days and legal holidays.[18] Applying these rules, defendant's ten day period within which to make its motion ended on January 11, 2008. Defendant's written motion to set aside the verdict was filed on January 18, 2008. Therefore, the crucial question is whether defense counsel made a timely oral motion following the jury verdict, thus moving even before the ten-day limit had begun to run, or whether he only referred to the motion prospectively.

Defendant argues that he "indicated there would be a motion filed and the Court at the time requested how much time [he] would need to file the motion and suggested a 30 day period."[19] A review of the transcript, however, contradicts this characterization. Immediately following the jury's verdict and the discharge of the jurors, the Court asked counsel whether there would be any post-verdict motions.[20] Plaintiff's counsel answered in the negative, and defendant's counsel

---

[18] *See* Fed. R. Civ. P. 6(a). *Accord Blake v. Coughlin*, No. 92 Civ. 1351, 2006 WL 2270383, at *6 (N.D.N.Y. Aug. 8, 2006).

[19] Reply Memorandum of Law in Support of Defendant's Motion for Dismissal of Punitive Damages and Compensatory Damages at 11.

[20] *See* 12/19/07 Transcript of Trial Proceedings ("Trial Tr.") at 179:3-4 (The Court: "Are there going to be any post-trial motions, post-verdict motions?").

stated, "I'd like to speak to my client about that."[21] Contrary to defendant's characterization, this response neither indicated to the Court that defendants anticipated making a motion, nor can it be regarded as an oral motion in itself.[22] Indeed, the Court's response – stating that "I need to know that"[23] and that I would "set a date, just so it's set, and then [defendant] can let me know by letter whether you intend to pursue a postverdict motion or whether you're going to wrap it up"[24] – further reveals the vagueness of counsel's statement and the uncertainty that it conveyed.

As such, counsel's statement cannot be regarded as an oral motion under Rule 50(b). At best, it evinces an intent to make the motion by the future

---

[21] *Id.* at 179:8-9.

[22] *Cf. Thomas*, 2000 WL 297186, at *1 (denying plaintiff's motion to vacate the order granting a new trial under Rule 59(b) where "there is no serious question that defendants' counsel made an oral motion for a new trial or judgment as a matter of law immediately after the jury had returned its verdict" when he explicitly stated, "[A]t this time, the defendants move to set aside the verdict [as] against the weight of the overwhelming evidence.").

[23] Trial Tr. at 179:10.

[24] *Id.* at 179:12-15. *See id.* at 180:8-10 (The Court: "I don't think [plaintiff] should submit the attorney's fee application until we see *if* there's a postverdict motion because *if* there is a motion, who knows what I'll do with it.") (emphasis added). *See also id.* at 181:3-5 (The Court: "So let's say all postverdict motions by January 18. But as I understand it, the plaintiff does not intend to move. So it would be just the defendant *if* the defendant intends to move.") (emphasis added).

8

date set by the Court, but even that characterization is generous to defense counsel in light of the language used. Notwithstanding the Court-set deadline of January 18, 2008 by which any post-verdict motions were to have been made, and defendant's compliance with that deadline, defendant's motion must be considered untimely under Rule 50(b). Additionally, there are no grounds for excusing defendant's failure to timely move since the Court never indicated that defendant's motion for judgment as a matter of law during the trial need not be renewed.

It is true that defendant "may well have been lulled into inactivity"[25] by the setting of a briefing schedule for post-verdict motions that exceeded the ten day limit. However, the Second Circuit has made clear that absent an affirmative misrepresentation from the Court – for example, "the district court somehow convey[ing] to [defendant] that it need not comply with the Federal Rules in filing further motions" – untimeliness will not be excused.[26] Here, there is no indication that the Court made any such misrepresentation, nor does defendant advance such an argument.

### B. Merits of Defendant's Rule 50(b) Motion

Even assuming, *arguendo*, that defendant timely moved for judgment

---

[25] *Fruit of the Loom*, 192 F.3d at 77 (quotation marks omitted).

[26] *Id.*

as a matter of law, the motion would be denied. In ruling on a motion for judgment as a matter of law, I am compelled to deny the motion unless, when viewing all of the evidence in the light most favorable to the plaintiff, "there [is] either an utter lack of evidence supporting the verdict . . . or the evidence [is] 'so overwhelming that reasonable and fair-minded persons could only have reached the opposite result.'"[27] This stringent standard has not been met here.

The jury's verdict in favor of plaintiff, awarding compensatory and punitive damages, was supported by the evidence presented at trial.[28] This

---

[27] *Fowler v. New York Transit Auth.*, No. 96 Civ. 6796, 2001 WL 83228, at *1 (S.D.N.Y. Jan. 31, 2001) (quoting *Doctor's Assocs., Inc. v. Weible*, 92 F.3d 108, 112 (2d Cir. 1996)). *Accord Stubbs v. Dudley*, 849 F.2d 83, 85 (2d Cir. 1988) (stating that the standard for granting a motion for judgment as a matter of law is "appropriately strict").

[28] The jury award of fifty thousand dollars in punitive damages is not excessive. Applying the factors set forth by the Supreme Court to assess the reasonableness of a punitive damages award – *i.e.*, "'(1) the degree of reprehensibility of the tortious conduct; (2) the ratio of punitive damages to compensatory damages; and (3) the difference between this remedy and the civil penalties authorized or imposed in comparable cases'" – the amount awarded here does not "shock the judicial conscience." *Patterson v. Balsamico*, 440 F.3d 104, 120 (2d Cir. 2006) (quoting *Lee v. Edwards*, 101 F.3d 805, 809 (2d Cir. 1996)). *See BMW v. Gore*, 517 U.S. 559, 582 (1996) (noting that, with respect to the second factor, "low awards of compensatory damages may properly support a higher ratio than high compensatory awards" and declining to mark the "constitutional line" by a "simple mathematical formula"). *See also Cush-Crawford v. Adchem Corp.*, 271 F.3d 352 (2d Cir. 2001) (upholding jury award of $100,000 in punitive damages, the applicable statutory maximum, and no compensatory damages on plaintiff's claim for hostile work environment).
Moreover, defendant has not met its burden of demonstrating that its

evidence included plaintiff's testimony regarding the pervasiveness of the unwelcome comments of a sexual nature that were directed to her based on her sex, her complaints to her employer regarding them, and her employer's disregard of or indifference to those complaints and her rights.[29] Because there is neither a "complete absence of evidence supporting the verdict" nor "an overwhelming amount of evidence in favor of" defendant that reasonable jurors could not render a verdict against it, the motion to set aside the verdict, even if it was timely, would have to be denied.[30]

Additionally, this Court may not weigh the credibility of witnesses on

---

financial circumstances warrant a limitation of the award. *See Patterson*, 440 F.3d at 122 (citing *Mathie v. Fries*, 121 F.3d 808, 816 (2d Cir. 1997)). At trial, defendant's president testified that he, his mother, and his sister share in the company's approximately seven hundred thousand dollars in annual gross income. *See* Trial Tr. at 138:15-18. An award of fifty thousand dollars will be unlikely to "result in the financial ruin of the defendant" nor does it "constitute a disproportionately large percentage of the defendant's net worth." *Vasbinder*, 926 F.2d at 121.

[29]   *Cf. Newton v. Shell Oil Co.*, No. 97 Civ. 0167, 2000 WL 49357, at *1 (D. Conn. Jan. 18, 2000) (dismissing hostile work environment sexual harassment claim at close of plaintiff's case where the evidence "came down primarily to the fact that a co-worker [] referred to the plaintiff as 'woman'"); *Carter v. Caring for the Homeless of Peekskill, Inc.*, 821 F. Supp. 225, 229-30 (S.D.N.Y. 1993) (granting defendant's motion for judgment as a matter of law after jury returned verdict in favor of plaintiff where evidence of sexual tension resulting from failed, mutual relationship between plaintiff and a superior insufficiently established hostile work environment sexual harassment).

[30]   *Galdieri-Ambrosini*, 136 F.3d at 289.

a motion for judgment as a matter of law and must defer to the jury's credibility determinations. Because this case rested primarily on the credibility of the parties' witnesses, denial is further warranted.[31]

## IV. CONCLUSION

For the reasons set forth above, defendant's motion to set aside the verdict is denied as untimely. The Clerk of the Court is directed to close this motion [Document No. 15].

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
            March 4, 2008

---

[31] *See Nwanji v. City of New York*, No. 98 Civ. 4263, 2000 WL 1341448, at *6 (S.D.N.Y. Sept. 15, 2000) (denying plaintiff's motion for judgment as a matter of law where the case rested largely on the credibility of the witnesses who testified at trial).

12

## - Appearances -

**For Plaintiff**:

Stuart Lloyd Lichten, Esq.
Schwartz, Lichten & Bright, P.C.
275 Seventh Avenue, 17th Floor
New York, NY 10001
(212) 358-6320
Fax: (212) 358-1353

**For Defendant**:

Ira S. Kornstein, Esq.
24 Park Avenue
West Orange, NJ 07052
(973) 736-4207
Fax: (973) 736-4033