```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
                              :
LANA WEINGARTEN,              :
                              :         MEMORANDUM
              Plaintiff,      :      OPINION AND ORDER
                              :
      - against -             :         07 Civ. 964 (SAS)
                              :
OPTIMA COMMUNICATIONS         :
SYSTEMS, INC.,                :
                              :
              Defendant.      :
------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/12/08

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I. INTRODUCTION

Plaintiff Lana Weingarten brought the above-captioned action against her former employer, defendant Optima Communications Systems, Inc. ("Optima") for hostile work environment sexual harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and New York State Human Rights Law. On December 18 and 19, 2007, the case was tried before a jury, which rendered a verdict in favor of plaintiff in the amount of five thousand dollars in compensatory damages and fifty thousand dollars in punitive damages. By Memorandum Opinion and Order dated March 4, 2008, defendant's motion to set aside the verdict was denied. Plaintiff now moves for an award of attorney's fees and costs pursuant to Title VII in the total amount of $27,765.00. For the

reasons set forth below, plaintiff's motion is granted in the amount of $25,542.85.

## II. APPLICABLE LAW

Section 706(k) of Title VII provides that "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs [awarded] . . . ."[1] "The district court is given broad discretion in granting a fee award and assessing a reasonable fee under the circumstances of the case."[2]

"Determining whether an award of attorney's fees is appropriate requires a two-step inquiry."[3] First, the party seeking attorney's fees must be a "'prevailing party.'"[4] If this first requirement is met, the court must then

---

[1] 42 U.S.C. § 2000e-5(k). Section 706(k) is "to be construed in the same fashion as all other prevailing party fee provisions in federal civil rights laws, and opinions regarding fees in cases decided under sections 1983 and 1988 therefore are authoritative in the Title VII context." *Lyte v. Sara Lee Corp.*, 950 F.2d 101, 103 (2d Cir. 1991) (quotation marks and citation omitted).
  Federal Rule of Civil Procedure 54(d)(2) states that a claim for attorney's fees must be made by motion no later than fourteen days after the entry of judgment. Under Rule 6(b)(1)(A), however, the court may, for good cause, extend the time to move if a request is made before the original time period expires.

[2] *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

[3] *Pino v. Locascio*, 101 F.3d 235, 237 (2d Cir. 1996).

[4] *Sole v. Wyner*, 127 S. Ct. 2188, 2194 (2007) ("'The touchstone of the prevailing party inquiry . . . is the material alteration of the legal relationship of the

2

determine whether the amount requested is reasonable.[5] In making that determination, "the district court must calculate a 'lodestar' figure based upon the number of hours reasonably expended by counsel on the litigation multiplied by a reasonable hourly rate."[6]

"The reasonable hourly rate is the rate a paying client would be willing to pay."[7] "In determining what rate a paying client would be willing to pay, the district court should consider," inter alia, certain factors that include the "time and labor required," "the level of skill required to perform the legal service properly," "the attorney's customary hourly rate," "the experience, reputation, and ability of the attorneys," and "awards in similar cases."[8] "The district court should

---

parties in a manner which Congress sought to promote in the fee statute.'") (quoting *Texas State Teachers Ass'n v. Garland Indep. School Dist.*, 489 U.S. 782, 792-93 (1989)).

[5]      *See Pino*, 101 F.3d at 237 (citing *Hensley*, 461 U.S. at 433).

[6]      *Luciano*, 109 F.3d at 115 (citations omitted).

[7]      *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 117 (2d Cir. 2007).

[8]      *Id.* at 114 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-18 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92-93 (1989)). The Second Circuit acknowledged that it "has done little to resolve th[e] confusion" as to whether the factors should be used to adjust the lodestar calculation once it has been made, or whether the factors should be considered when making that initial calculation. Ultimately, the "net result of the fee-setting jurisprudence [in the Second Circuit] and the Supreme Court is that the district courts must engage in an equitable inquiry of varying

then use that reasonable hourly rate to calculate what can properly be termed the 'presumptively reasonable fee.'"[9]

The Second Circuit has stated that the "most important factor in determining the reasonableness of a fee is the degree of success obtained."[10] As a result, "if a significant amount of time is devoted to a claim that fails, the court may decline to order compensation for that time, provided that the unsuccessful claim is sufficiently distinct from the claims on which the plaintiff prevailed."[11] Where, however, "the successful and unsuccessful claims are 'inextricably intertwined' and 'involve a common core of facts or [are] based on related legal theories,' it is not an abuse of discretion for the court to award the entire fee."[12]

---

methodology while making a pretense of mathematical precision." *Id.* at 116-17.

[9] *Id.* at 118.

[10] *Pino*, 101 F.3d at 237 (citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)). *Accord Cioffi v. New York Cmty. Bank*, 465 F. Supp. 2d 202, 218 (E.D.N.Y. 2006) ("After the initial lodestar calculation is made, the court should then consider whether a downward adjustment is warranted by a factor as to the extent of success in the litigation.") (citing *Hensley*, 461 U.S. at 434).

[11] *Raniola v. Bratton*, No. 96 Civ. 4482, 2003 WL 1907865, at *3 (S.D.N.Y. Apr. 21, 2003) (citing *Grant v. Martinez*, 973 F.2d 96, 101 (2d Cir. 1992)). *Accord Hensley*, 461 U.S. at 436 ("There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.").

[12] *Bonner v. Guccione*, No. 94 Civ. 7735, 2000 WL 12152, at *2-3 (S.D.N.Y. Jan. 6, 2000) (quoting *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170,

4

Additionally, the court may exercise its discretion to "deny or reduce fee awards seeking compensation for duplicative or excessive attorney time."[13]

## III. DISCUSSION

At the outset, the Court notes (and defendant does not dispute) that plaintiff's motion for attorney's fees and costs is timely. Judgment was entered in this case on December 27, 2007. On that same day, plaintiff requested and received from the Court an extension of time to make the motion until February 15, 2008. Plaintiff timely filed her motion for attorney's fees and costs on January 30, 2008.

Defendant does not dispute plaintiff's proposed hourly rates for her attorneys.[14] The Court finds that, in light of factors including the time and labor required, counsels' experience in this area of the law, awards in comparable cases, and attorney rates in this district, counsels' rates – *i.e.*, three hundred and fifty dollars per hour for Stuart Lichten and three hundred dollars per hour for Daniel

---

1183 (2d Cir. 1996)).

[13] *Williamsburg Fair Hous. Comm. v. New York City Hous. Auth.*, No. 76 Civ. 2125, 2007 WL 486610, at *4 (S.D.N.Y. Feb. 14, 2007). *Accord Raniola*, 2003 WL 1907865, at *3 (citing *Casper v. Lew Lieberbaum & Co.*, 182 F. Supp. 2d 342, 349 (S.D.N.Y. 2002)) ("[I]f an attorney expends an excessive amount of time on a given task, the court should reduce the claimed hours for compensation purposes.").

[14] *See* 2/20/08 Letter from Ira S. Kornstein, defendant's counsel, to the Court at 2.

5

Bright[15] – are reasonable.[16]

Defendant premises its opposition to plaintiff's motion for attorney's fees on two grounds: *first*, defendant contends that because this action was originally commenced and litigated on behalf of two plaintiffs and because one of those plaintiffs was dismissed for failure to prosecute her claims, the remaining plaintiff should not be awarded the full amount of fees associated with activities conducted on behalf of both plaintiffs. *Second*, defendant objects to the number of hours spent by plaintiff's counsel in preparing the opposition to defendant's motion to set aside the verdict, contending that those hours are excessive and should be adjusted.

Plaintiff's primary counsel, Lichten, has represented to the Court that he has "removed from the time records all time spent solely on the case of [dismissed] plaintiff Muneerah Crawford and on the five dismissed causes of

---

[15] Stuart Lichten, a partner at the firm Schwartz, Lichten & Bright, P.C., has twenty years of experience in the area of employment and labor law. Daniel Bright, a partner at the same firm, has nineteen years of experience. *See* Plaintiff's Memorandum of Law in Support of Motion for Attorney's Fees ("Pl. Mem.") at 2.

[16] *See, e.g., Parish v. Sollecito*, 280 F. Supp. 2d 145, 169-70 (S.D.N.Y. 2003) (determining that $350 per hour for attorneys with thirty years of experience is a reasonable hourly rate); *Skold v. American Int'l Group, Inc.*, No. 96 Civ. 7137, 1999 WL 405539, at *6-7 (S.D.N.Y. June 18, 1999) (determining that $400 per hour for attorney who provided "overall direction and strategy for the case" is a reasonable hourly rate).

6

action."[17] While this is appropriate, it is not sufficient because counsel has failed to adjust for those hours spent on work conducted on behalf of both plaintiff and Crawford, prior to her dismissal.

Crawford, like Weingarten, claimed hostile work environment sexual harassment, however, she also brought an additional claim for hostile work environment based on her national origin. Although Crawford's claim of hostile work environment based on national origin generally arises from the same actor's allegedly harassing acts, it is not "inextricably intertwined" with plaintiff's successful sexual harassment claim.[18] For example, it is likely that, among the discovery requests drafted and served by plaintiff's counsel, a number of those requests would be solely directed to facts giving rise to Crawford's claim of hostile work environment based on national origin, her complaints regarding such conduct, and so forth. Because Crawford's national origin-based claim is sufficiently distinct from plaintiff's successful claim of hostile work environment sexual harassment, the Court reduces by ten percent those fees incurred by counsel

---

[17] Declaration of Stuart Lichten ¶ 9, attached to Pl. Mem.

[18] *See, e.g., Pinner v. Budget Mortgage Bankers, Ltd.*, 336 F. Supp. 2d 217, 221-22 (E.D.N.Y. 2004) (reducing the requested fee award by five percent where plaintiff's "withdrawn Title VII religious and gender discrimination claims were unrelated to the successful retaliation claim" but holding that plaintiff's failed hostile work environment sexual harassment claim was "inextricably linked" to the retaliation claim).

on activities conducted on behalf of both plaintiffs from the period beginning on June 26, 2006 – the first time entry submitted by counsel – and ending on June 20, 2007 – the date on which counsel sought leave to withdraw as Crawford's attorney based on his inability to reach her.

With respect to work conducted on plaintiff's opposition to defendant's post-trial motion, counsel's time records reveal that he spent approximately fifteen hours between January 18 and January 28, 2008, researching and drafting the opposition to defendant's motion to set aside the verdict. Although the number of hours expended on the opposition is not excessive per se, the Court evaluates the expenditure in light of the opposition itself, and counsel's experience in this area of law. Plaintiff's opposition is approximately fourteen pages, and the vast majority of the brief sets forth the legal framework for evaluating motions to set aside the verdict in this area of the law. While references are made to trial testimony, the trial itself lasted less than two full days and involved fairly straightforward issues. Lichten is being billed at a rate of $350 per hour on the basis of his level of experience, and the rate "assumes a certain level of expertise in discrimination law."[19] As a result, the Court finds that the

---

[19] *Bick v. City of New York*, No. 95 Civ. 8781, 1998 WL 190283, at *31 (S.D.N.Y. Apr. 21, 1998) (reducing the number of hours billed by counsel for researching case law and amending complaint from eleven hours to five hours where counsel "is being billed at a rate of $250, which assumes a certain level of

8

approximately fifteen to sixteen hours billed by counsel for the opposition to defendant's motion to set aside the verdict is excessive, and exercises its discretion to reduce the number of compensable hours to ten.

## IV. CONCLUSION

For the reasons set forth above, plaintiff's motion for attorney's fees is granted in the amount of $25,542.85. The Clerk of the Court is directed to close this motion [Document No. 18]. Because no documentation was submitted to substantiate the $1,257.87 in costs that plaintiff seeks, the Court declines to award any costs.[20] Plaintiff may, however, submit documentation to substantiate the

---

expertise in discrimination law, including a basic familiarity with New York State Human Rights Law").

[20] *See Gissinger v. Yung*, Nos. 04 Civ. 534, 04 Civ. 5406, 2007 WL 2228153, at *8 (E.D.N.Y. July 31, 2007) (denying application for costs and attorney's fees where plaintiffs failed to present any evidence of the costs incurred while prosecuting their claims).

9

costs within five business days of this Order.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         March 12, 2008

## - Appearances -

**For Plaintiff**:

Stuart Lloyd Lichten, Esq.
Schwartz, Lichten & Bright, P.C.
275 Seventh Avenue, 17th Floor
New York, NY 10001
(212) 358-6320
Fax: (212) 358-1353


**For Defendant**:

Ira S. Kornstein, Esq.
24 Park Avenue
West Orange, NJ 07052
(973) 736-4207
Fax: (973) 736-4033